IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CLASSIE MARIE LITTLE WORD, | : |
| Plaintiff, | : |
| v. | : CASE NO. 4:14-CV-247-MSH |
| | : Social Security Appeal |
| CAROLYN COLVIN, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability benefits, finding that he was not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that he suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUE

I.  **Whether the ALJ properly considered the opinion of Plaintiff's treating physician.**

II. **Whether the ALJ properly found that Plaintiff's alleged post-stroke symptoms do not meet Listing 11.04.**

III. **Whether the ALJ properly found that Plaintiff's alleged chronic headaches did not constitute a severe impairment.**

### Administrative Proceedings

Plaintiff applied for disability insurance benefits and supplemental security income on September 13, 2010, alleging disability as of August 24, 2010. Tr. 26, ECF No. 11-2. Plaintiff's application was denied initially and on reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a video hearing on September 18, 2012. *Id*. Following the hearing, the ALJ issued an unfavorable decision on November 8, 2012. Tr. 26-32. The Appeals Council ultimately denied Plaintiff's Request for Review on July 18, 2014. Tr. 1-3. This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Plaintiff met the insured status requirement of the Social Security Act through March 31, 2011. Tr. 28. The ALJ further found that Plaintiff had not engaged in substantial gainful activity as defined by the Act since his alleged onset date. *Id*. The ALJ found that Plaintiff had the severe impairments of obesity, diagnosis of seizures, hypertension, lumbar degenerative disc disease, expressive aphasia, and

history of pontine stroke. *Id*. The ALJ then determined that Plaintiff had no impairments or combination of impairments that met or medically equaled any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 28-29.

After consideration of the entire record, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with some exertional limitations. Tr. 29. Plaintiff had past relevant work as a fast food worker, cook, and driver. Tr. 31-32. The ALJ elicited testimony from a vocational expert (VE) who opined that given the RFC formulated by the ALJ she could return to her past relevant work as a fast food worker. Tr. 32. The ALJ therefore found that Plaintiff had not been under a disability as defined in the Act from August 24, 2010 through the date of the decision. *Id*.

## DISCUSSION

**I.      Whether the ALJ properly considered the opinion of Plaintiff's treating physician.**

In her first contention, Plaintiff alleges the ALJ improperly addressed the opinions of her doctor. Pl's Br. 3, ECF No. 12. Plaintiff's treating physician, Anthony Olofintuyi, M.D., prepared a Physical Capacities Evaluation (PCE) report on December 14, 2011 in which he stated that Plaintiff required an assistive device in order to ambulate and would likely miss work due to the impairments for which he treated her for more than four days per month. Tr. 437. He expressed doubt as to whether Plaintiff has the ability to work at all. *Id*. However, he only restricted Plaintiff to no operation of a motor vehicle and no work with hazardous machinery. *Id*. The ALJ expressly gave only little weight to the

5

doctor's opinions finding them to be "totally inconsistent" with treatment records and the opinions of other examining physicians. Tr. 31.

As pointed out by the ALJ, nowhere in Dr. Olofintuyi's records of Plaintiff's care does he recommend or prescribe the use of an assistive device in order to ambulate effectively. *Id.* Assistive devices are only ever mentioned in the PCE report. The majority of the content of the records are reports of subjective complaints of seizures and pain and conservative treatment by the doctor. While stroke was suspected and pontine stroke was found to be a severe impairment by the ALJ, the records do not establish any continuing physical or mental limitations resulting therefrom which would prevent Plaintiff from resuming her employment as a fast food worker.

On January 31, 2011, Plaintiff was examined by Dr. Kishore Chivukula, a consulting neurologist, who found no limitations and who further opined that the medical evidence of record, including a CT scan and views from magnetic resonance imaging (MRI), shows no evidence of a stroke. Tr. 383-85. The ALJ reviewed Dr. Chivukula's report and compared it with the restrictive opinion of Dr Olofintuyi stating that he gave significant weight to Dr. Chivukula's findings because they are well supported by a thorough neurological evaluation and are consistent with the absence in the record of definitive evidence of a cerebrovascular event such as a stroke. Tr. 31.

Although the ALJ found history of pontine stroke to be a severe impairment, his findings that the event caused no functional limitations beyond what is required to engage in light work is supported by substantial evidence in the record. Much of what is contained in the clinical notes of the treating physician are Plaintiff's statements and

claims of symptomology. However, a consultative psychological evaluation on February 22, 2011 by Philip Kaplan, Ph.D., resulted in a primary diagnosis of malingering. Tr. 389. Dr. Kaplan found Plaintiff to be exaggerating her physical problems for the secondary gain of obtaining disability benefits. *Id.* In his report, Dr. Kaplan stated that Plaintiff was "disinclined to recall information that might reflect poorly on her claim" for benefits. Tr. 388-89. He found her to have a poor prognosis because she has convinced herself that she is disabled to work and is unmotivated. Tr. 389.

In considering the opinion of Dr. Olofintuyi, the ALJ decided to give it little weight because it is inconsistent with the doctor's own records of care and is contrary to objective medical evidence of record such as the CT scans and MRIs. (Tr. 31). This is permissible. *Hughes v. Comm'r of Soc. Sec.*, 486 Fed. App'x 11 (11th Cir. 2012). The opinion was also discounted because it is contradicted by the findings of an examining neurologist and because Plaintiff's expression of symptoms, including pain, is rendered doubtful by the findings of Dr. Kaplan, the clinical psychologist who evaluated her. The ALJ noted as well Plaintiff's own accounts of extensive activities of daily living, including caring for her children, which are inconsistent with the symptoms expressed to her doctor. Tr. 30-31. There is substantial evidence to support the decision by the ALJ to give the treating physician only little weight and no error was committed by the ALJ in doing so.

## II. Whether the ALJ properly found that Plaintiff's alleged post-stroke symptoms do not meet Listing 11.04.

Next, Plaintiff asserts that the ALJ should have found that she met Listing 11.04 (Central nervous system vascular accident) as a result of her stroke and symptoms of aphasia and impaired motor function. Pl.'s Br. 5. As noted above, the ALJ found pontine stroke to be a severe impairment despite the report of the examining neurologist that objective medical evidence did not show evidence of stroke. Further, as noted by the ALJ, the examining neurologist found no significant physical limitations on Plaintiff's ability to work despite her medical history. Tr. 30. While the evidence of record includes a diagnosis of possible stroke as a result of a clinical presentation at Columbus Regional Medical Center on September 30, 2010, the possible diagnosis is supported only by Plaintiff's subjective complaints of pain and numbness. The ALJ's finding is that "[d]espite numerous evaluations, the record fails to establish a definite diagnosis of stroke that would account for the [Plaintiff's] alleged symptoms." Tr. 30. Given that the records from Columbus Regional show only possible stroke, the examining neurologist found no evidence of stroke, and Plaintiff has not put forth any credible evidence that she has functional limitations as a result of stroke, the ALJ properly found that she did not meet Listing 11.04. Plaintiff's subjective complaints, which the ALJ discounted with clearly good cause, are insufficient.

## III. Whether the ALJ properly found that Plaintiff's alleged chronic headaches did not constitute a severe impairment.

In her third assertion of error, Plaintiff contends that her headaches should have been considered a severe impairment. Plaintiff did not include headache as a disability at

the time she filed her applications. Tr. 162. While she testified at her evidentiary hearing to constant excruciating pain at a level eight out of ten, she stated the pain was back and leg pain. She said nothing about headache to the ALJ. Tr. 46, 47. Although she has complained of headache to her doctor, and at one time medicated with an anti-migraine pill (Imitrex), no evidence can be found to support her contention raised in her brief before the Court that her headaches cause her a functional impairment affecting her ability to work. Further, although the ALJ did not find headache to be a severe impairment at step two of the sequential evaluation process, he did find severe impairments and continued through the steps as required. Thus, any error at step two is harmless. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010).

## CONCLUSION

WHEREFORE, for the foregoing reasons, it is ORDERED that the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 17th day of February, 2015.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE